IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEMARCUS RANTREZ ROBINSON                                         PETITIONER
ADC #150429

V.                              5:15-cv-00083-DPM-JTK

WENDY KELLEY, Director,                                           RESPONDENT
Arkansas Department of Correction[1]

## Memorandum and Order

Petitioner Demarcus Robinson, an inmate at the Arkansas Department of Correction ("ADC"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after the Arkansas Parole Board ("APB") denied Mr. Robinson parole.[2] (Doc. No. 1.) For the following reasons, the Court requires further briefing before recommending a disposition to the District Judge.

I.   PROCEDURAL HISTORY

On July 7, 2011, Mr. Robinson pleaded guilty to first degree battery of a law enforcement officer, theft of property over $2,500, and criminal mischief over $500. (Doc. No. 7-2 at 1-3.) The Ashley County, Arkansas, Circuit Court sentenced Mr. Robinson to serve 120 months in the ADC. (*Id.*). On September 11, 2014, the ABP held a hearing to determine whether to grant Mr. Robinson parole. (Doc. No. 7-3 at 1.) The APB denied parole because of the nature and seriousness of the crime, and because the victim of the crime was law

---

[1] Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

[2] Although Mr. Robinson states that he is bringing his petition under 28 U.S.C. § 2241, the only way a prisoner in state custody can bring a petition for a writ of habeas corpus is under 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).

enforcement. (*Id.*).

On March 13, 2015, Mr. Robinson filed this petition for a writ of habeas corpus. (Doc. No. 1.) On May 4, 2015, the Director of the ADC ("Director") filed a response, arguing that Mr. Robinson's claims are not cognizable in a petition for a writ of habeas corpus. (Doc. No. 7.) On May 5, 2015, the Court entered an order allowing Mr. Robinson to file a reply brief within thirty days. (Doc. No. 8.) Mr. Robinson chose not to do so.

II.   STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id*. at (b)(1)(A). A petitioner "must present [her] federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in her claims being barred "unless she can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III.  ANALYSIS

In his petition, Mr. Robinson argues three grounds for habeas relief: (1) cruel and unusual punishment for the illegality of restraint and double jeopardy, (2) violation of due process and equal protection, and (3) cruel and unusual punishment for deliberate indifference.

  A.  COGNIZABILITY

Federal courts have consistently held that state parole decisions can be reviewed in a federal petition for a writ of habeas corpus. *See Closs v. Weber*, 238 F.3d 1018, 1021 (8th Cir. 2001) (reaching the merits of a § 2254 petition arguing that the state parole board should not have revoked the petitioner's parole). Therefore, this claim is cognizable under 28 U.S.C. § 2254.

  B.  PROCEDURAL DUE PROCESS

Mr. Robinson argues that the ABP violated his procedural due process rights. (Doc. No. 1 at 10.) Liberally construed, Mr. Robinson's claim includes the Arkansas state courts violating his procedural due process rights by dismissing his state habeas corpus petition. *See Wilwording v. Swenson*, 502 F.2d 844, 847 n.4 (8th Cir. 1974) ("[P]ro se petitions should be liberally construed . . . .")

In Arkansas, parole revocation decisions by the APB are administrative decisions governed by the Administrative Procedure Act ("APA"). *See Hickman v. Ark. Bd. of Pardons*

3

*and Paroles*, 361 F. Supp. 864, 868 (E.D. Ark. 1973). Under the APA, any person "except an inmate under sentence to the custody of the Department of Correction" can appeal an administrative decision to a state court. Ark. Code Ann. § 25-15-212(a). In 1991, the Arkansas Supreme Court ruled that the exception to the APA that does not allow inmates to challenge administrative decisions in state court is unconstitutional to the extent that inmates must be allowed to raise constitutional questions of administrative decisions in state court. *Clinton v. Bonds*, 816 S.W.2d 169, 172 (Ark. 1991). Despite this decision, the legislature has not changed the language of the statute. Ark. Code Ann. § 25-15-212(a).

The Eastern District of Arkansas has consistently ruled that an inmate's lack of knowledge about the Arkansas Supreme Court's decision in *Clinton v. Bonds* cannot be cause for his procedural default. *See Johnson v. Kelley*, No. 5:14-cv-00176-DPM-JTR, 2015 WL 1167184, at *4 (E.D. Ark. Feb. 20, 2015) (adopted by District Court in *Johnson v. Hobbs*, 2015 WL 1167166 (E.D. Ark. Mar. 13, 2015) (appeal filed, No. 15-1760 (8th Cir. Apr. 14, 2015))). The "Arkansas legislature's decades-long delay in removing the unconstitutional text from the statute is unfortunate." *Id.*

Mr. Robinson, however, challenged the APB's decision in state court under a state habeas proceeding. The Arkansas Supreme Court dismissed this challenge as not cognizable. *Robinson v. Felts*, No. CV-14-1122, 2015 WL 1775691, at *2 (Ark. Apr. 16, 2015). The Court is unaware of any other means that an inmate has to challenge the constitutionality of the APB's decision in state court, as allowed under *Clinton v. Bonds*. Since the Arkansas Supreme Court has held that a prisoner has a liberty interest in having the state court determine the constitutional questions arising from an APB decision, the Court requires further briefing about

4

whether the Arkansas Supreme Court violated Mr. Robinson's procedural due process rights in this case by dismissing his state habeas petition as not cognizable.

    IT IS THEREFORE ORDERED

1. Pursuant to Local Rule 83.7, Patrick Spivey, 3700 Cantrell Road, Suite 205, Little Rock, AR, 72202, 501-975-7131, is hereby appointed to represent Petitioner in all further proceedings in this action. The Clerk is Directed to send counsel and Petitioner a copy of this Order. Counsel is also directed to access and review Local Rule 83.7 regarding appointment of counsel, and Local Rule 83.6 regarding reimbursement of out-of-pocket expenses, through the Court's web site (www.are.uscourts.gov).[3] Pursuant to Rule 83.7, counsel must make written application to withdraw within twenty-one (21) days; otherwise, the appointment will be effective.

2. Parties should file any requests for discovery with the Court within twenty days.

3. Within forty-five days, the parties are to submit simultaneous briefs addressing the procedural due process issue addressed in this memorandum. No extensions of time will be granted, and no reply briefs will be considered unless ordered by the Court. Parties should also address whether the state court's decision in this case makes challenging the constitutionality of the APB's decision in state court futile, and how that impacts the potential procedural default of Mr. Robinson's other claims. Finally, parties should address what relief the Court should grant Mr. Robinson if it grants his petition.

4. The Clerk is directed to substitute Wendy Kelley as the sole Respondent in this matter.

IT IS SO ORDERED this 1st day of September, 2015.

                                      United States Magistrate Judge

---

[3] Counsel may obtain a copy of the case file, on disk, by contacting the Courtroom Deputy.