IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEMARCUS RANTREZ ROBINSON                                          PETITIONER
ADC #150429

V.                              5:15-cv-00083-DPM-JTK

WENDY KELLEY, Director,                                            RESPONDENT
Arkansas Department of Correction


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing

>       before the District Judge in the form of an offer of proof, and a copy, or
>       the original, of any documentary or other non-testimonial evidence
>       desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## Disposition

Petitioner Demarcus Robinson, an inmate at the Arkansas Department of Correction ("ADC"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after the Arkansas Parole Board ("APB") denied Mr. Robinson parole.[1] (Doc. No. 1.) For the following reasons, Mr. Robinson's petition should be denied.

I.   PROCEDURAL HISTORY

On July 7, 2011, Mr. Robinson pleaded guilty to first degree battery of a law enforcement officer, theft of property over $2,500, and criminal mischief over $500. (Doc. No. 7-2 at 1-3.) The Ashley County, Arkansas, Circuit Court sentenced Mr. Robinson to serve 120 months in the ADC. (*Id.*). On September 11, 2014, the APB held a hearing to determine whether to grant Mr. Robinson parole. (Doc. No. 7-3 at 1.) The APB denied him parole because of the nature and seriousness of his crimes, and because the victim of a crime was law enforcement. (*Id.*).

---

[1] Although Mr. Robinson states that he is bringing his petition under 28 U.S.C. § 2241, the only statute that allows a prisoner in state custody to bring a petition for a writ of habeas corpus is 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).

On October 7, 2014, the Chicot County, Arkansas, Circuit Court granted Mr. Robinson leave to file a petition for a writ of habeas corpus. (Doc. No. 15-1 at 19.) On October 8, 2014, Mr. Robinson filed a petition for leave to proceed in forma pauperis in his state habeas proceedings. (Doc. No. 15-1 at 4.) On October 20, 2014, Mr. Robinson filed concurrently his petition for a writ of habeas corpus and a petition for judicial review under the Administrative Procedure Act ("APA"), alleging that the APB denied him due process rights by denying him parole. (Doc. No. 15-1 at 23, 49.) On October 21, 2014, the Chicot County Circuit Court denied the habeas petition, but it did not address the petition for judicial review. (Doc. No. 15-1 at 58.) It held that Mr. Robinson's claims were not cognizable. (*Id.*).

On November 7, 2014, Mr. Robinson filed a Notice of Appeal, appealing the circuit court's denial of his habeas petition. (Doc. No. 15-1 at 59.) On April 16, 2015, the Arkansas Supreme Court affirmed the circuit court's ruling. *Robinson v. Felts*, No. CV-14-1122, 2015 Ark. 174 (Apr. 16, 2015).

On March 13, 2015, Mr. Robinson filed this petition for a writ of habeas corpus. (Doc. No. 1.) On May 4, 2015, the Director of the ADC ("Director") filed a response, arguing that Mr. Robinson's claims are not cognizable in a federal petition for a writ of habeas corpus. (Doc. No. 7.) On May 5, 2015, the Court entered an order allowing Mr. Robinson to file a reply brief within thirty days. (Doc. No. 8.) Mr. Robinson chose not to do so.

On September 1, 2015, the Court appointed an attorney for Mr. Robinson and ordered the parties to brief the petition further. (Doc. No. 16.) Particularly, it was interested in whether Mr. Robinson states a cognizable procedural due process claim since it appears that the Arkansas Supreme Court's decision in *Robinson* conflicted with its decision in *Clinton v.*

*Bonds*, 816 S.W.2d 169 (Ark. 1991). On October 16, 2015, the parties submitted their briefs for the Court to consider. (Docs. No. 17, 18.)

II.     STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id*. at (b)(1)(A). A petitioner "must present [her] federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in her claims being barred "unless she can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III.  ANALYSIS

In his petition, Mr. Robinson argues three grounds for habeas relief: (1) cruel and unusual punishment for the illegality of restraint and double jeopardy, (2) violation of due process and equal protection, and (3) cruel and unusual punishment for deliberate indifference.

Preliminarily, the Director argues that Mr. Robinson's claim is moot because he has received a subsequent decision by the APB. (Doc. No. 17 at 6.) However, as Mr. Robinson still has not received the relief requested by the APB, his claim is not moot. *See DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974) (holding that since the plaintiff had received the relief asked for, there is no longer a case or controversy).

In *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972), the United States Supreme Court held that a person who the state released on parole has certain liberty interests that must be considered if a state was to revoke that person's parole. As such, it outlined certain procedures a state must follow to ensure that the person's procedural due process rights are followed. *Id.* at 485. However, the Supreme Court declined to extend that protection to situations where the state parole board denied a prisoner parole. *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 10 (1979) (denying the claim in a § 1983 complaint). Therefore, the general rule is that there is no federal constitutional protection for an inmate who is denied parole.

However, *Greenholtz* also held that if a state created a procedure for granting parole, a state must follow its own procedure. *Id.* at 12 (holding that the claim is cognizable in the § 1983 context). The Supreme Court extends federal constitutional protection to these cases, and it allows a prisoner to file a petition for a writ of habeas corpus to challenge whether the state

followed its own procedures. *Jago v. Van Curen*, 454 U.S. 14 (1981) (holding that the petition for a writ of habeas corpus would be cognizable if the state created a right to parole). The threshold question is whether the state created a right to parole. *Id.* at 21. For example, in *Jago*, even though the prisoner was denied parole without a hearing by the Ohio parole board, the Supreme Court held that since Ohio leaves parole decisions solely in the discretion of the parole board, the prisoner's constitutional due process rights were not violated. *Id.*

The Arkansas Supreme Court has held that the "determination of parole eligibility is solely within the province of the ADC, as fixed by statute." *Mitchem v. Hobbs*, No. CV-13-1098, 2014 Ark. 233, at *4 (May 15, 2014) (citing *Cridge v. Hobbs*, No. CV-18-829, 2014 Ark. 153, at *1 (Apr. 3, 2014)). In *Crossno v. Felts*, No. CV-14-125, 2014 Ark. 262 (May 29, 2014), the Arkansas Supreme Court held that a prisoner who appeals the APB's denial of parole under the APA does not state a valid due process claim because there is "no constitutional right or entitlement to parole that would invoke due-process protection." *Id.* at *2 (citing *Cridge*, 2014 Ark. 153, at *1). These cases make it clear that Arkansas law does not give a prisoner a right to parole, unlike the prisoners in *Greenholtz*.

Here, Mr. Robinson challenged the APB's decision in state court under a state habeas proceeding. The Arkansas Supreme Court dismissed this challenge as incognizable. *Robinson v. Felts*, No. CV-14-1122, 2015 WL 1775691, at *2 (Ark. Apr. 16, 2015). In that case, neither the circuit court nor the supreme court characterized his *pro se* petition as a petition for review under the APA despite the fact that Mr. Robinson filed the petition for review simultaneously with the petition for a writ of habeas corpus. However, based on the Arkansas Supreme Court's decision in *Mitchem*, it is clear that Arkansas does not give Mr. Robinson a right to parole, and

his petition would not have been cognizable even if the state court construed it as a petition for review under the APA. Since Arkansas parole decisions are left to the discretion of the ADC, Mr. Robinson's claims are denied as incognizable.

V.      CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the District Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Robinson has made a substantial showing of a denial of a constitutional right. Thus, the District Court should not issue a certificate of appealability.

V.      CONCLUSION

Mr. Robinson's petition for a writ of habeas corpus (Doc. No. 1) should be dismissed as incognizable. The District Court should not issue a certificate of appealability because Mr. Robinson did not make a substantial showing of a denial of a constitutional right.

IT IS SO ORDERED this 5th day of November, 2015.

_____
United States Magistrate Judge