IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEMARCUS RANTREZ ROBINSON
ADC #150429                                                                                    PETITIONER

v.                                        No. 5:15-cv-83-DPM

WENDY KELLEY, Director,
Arkansas Department of Correction                                                RESPONDENT

ORDER

**1.** On *de novo* review, the Court adopts the recommendation, №19, as supplemented and overrules Robinson's objections, № 22 & 23. FED. R. CIV. P. 72(b)(3).

**2.** The procedural issues muddy the water; but the merits are clear. Robinson has no protectable state or federal liberty interest in early release on parole. № 19 at 6; *see also Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Hamilton v. Brownlee*, 237 F. App'x 114 (8th Cir 2007) (unpublished *per curiam*). And a parole denial doesn't amount to double punishment. *Roach v. Arkansas Board of Pardons and Paroles*, 503 F.2d 1367, 1368 (8th Cir. 1974) (*per curiam*). Robinson's due-process and double-jeopardy claims therefore fail.

As for equal protection, the only comparator Robinson specifically identifies is his former co-defendant. № 1 at 11. But the co-defendant was

initially sentenced to probation, while Robinson was sentenced to ten years' imprisonment. Thus, the two aren't similarly situated under the law. This claim fails too. *E.g., Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003).

Finally, Robinson's deliberate indifference claim is premised on his being unlawfully imprisoned. № *1 at 12–13*. He's not. This claim therefore fails too; but its dismissal will be without prejudice to Robinson raising it in a § 1983 action.

3. None of Robinson's claims show he's being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). His petition, № *1*, will therefore be dismissed. Because Robinson hasn't made a substantial showing that his constitutional rights were violated, no certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2).

4. The Court directs the Clerk to correct the docket: № *22* is a motion for new appointed counsel. No sufficient reason exists for that step. Robinson's motion, № *22*, is denied. Patrick Spivey's motion to withdraw, № *20*, is granted. Spivey is relieved as counsel with the Court's thanks.

So Ordered.

*/signature/*
D.P. Marshall Jr.
United States District Judge

21 December 2015